IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARMEN L. GONZALEZ HERNANDEZ,

 Plaintiff,

  v.

COMMISSIONER OF SOCIAL
SECURITY,

 Defendant.

CIVIL NO. 11-1775 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Carmen L. González Hernández (hereafter plaintiff "González") seeks herein judicial review of the final decision of defendant, the Commissioner of Social Security (hereafter "Commissioner"), denying the application for a period of disability and ensuing disability benefits. (Docket No. 1). Plaintiff González filed a Complaint against the Commissioner for the court to set aside the administrative determination denying disability upon a conclusion that plaintiff González could still perform her past relevant work, as determined through the testimony of a vocational expert. Plaintiff argued the substantial evidence criteria to support the administrative determination denying benefits was based on inaccurate hypothetical questions to the vocational expert, for which it does not constitute substantial evidence in support of the decision. Plaintiff González also avers the Commissioner ignored reports of his own examining psychiatric consultant in regards with her conditions and limitations, thus such detailed information was not considered in assessing plaintiff's condition and how it would severely interfere with her ability to render

Carmen L. González-Hernández  v. Commissioner of S.S.
Opinion and Order
Civil No. 11-1775 (CVR)
Page No. 2

the required needed production in the industry as to plaintiff González previous work as small products assembler.[1]

On December 12, 2011, the Commissioner answered the Complaint and filed a copy of the administrative record. (Docket Nos. 8 and 9). On March 27, 2012, plaintiff's legal representative Atty. Salvador Medina de La Cruz filed a memorandum of law. (Docket No. 14). On April 30, 2012, the Commissioner filed his memorandum. (Docket No. 15).

The Court referred  the case to this Magistrate Judge for all further proceedings as an implied consent after the parties were granted an opportunity to indicate their positions as to the referral to a Magistrate Judge.[2]  Thereafter, the parties filed their respective memoranda after seeking and obtaining extensions of time and leave to file excess pages memorandum before this Magistrate Judge.   (Docket Nos. 10 and 12).  The consent to proceed before a United States Magistrate Judge was thereafter received.[3] (Docket No. 16). Title 28, United States Code, Section 636(b)(1)(A), (c)(1) and (c)(2); Fed.R.Civil P. 73(a).

Upon examination of the pleadings filed, this Magistrate Judge discusses below the pending motions and the appropriate disposition of this action since the parties have consented to jurisdiction by a Magistrate Judge.

---

[1] U.S.C. Sec. 405(g) provides for judicial review of the final decision of the Commissioner.
 "... [t]he court shall have power to enter, upon the pleadings and transcript
  of the record, a judgment without remanding the cause for rehearing".  Section 205(g).

[2] *See* In re Sheridan, 362 F.3d 96 (1st Cir. 2004) (where the parties' actions appear to speak as clearly as words, consent may be implied) (*citing* In re G.S.F. Corp., 938 F.2d 1467 (1st Cir. 1991); *see also* Roell v. Withrow, 538 U.S. 580, 591, 123 S.Ct. 1696 (2003) (consent to proceed before a Magistrate Judge can be inferred from a party's conduct during litigation but notice of the right to refuse the magistrate judge is a prerequisite to any inference of consent.).

[3] The government has provided a general consent to proceed before a Magistrate Judge in all Social Security cases.

## BACKGROUND

Plaintiff González filed her application for a period of disability and entitlement to disability benefits claiming she became disabled by January 1, 2004.  Plaintiff González is insured for disability purposes up to December 31, 2008.  After the application was denied, the requested administrative hearing was held on February 9, 2009, wherein the Administrative Law Judge (hereafter the "ALJ"), after considering the testimony of a vocational expert, found plaintiff González was not under disability upon determining she was still capable of performing her past relevant work.  The decision was affirmed by the Appeals Council.

## ADMINISTRATIVE AND PROCEDURAL HISTORY

Plaintiff González waived to be present at the administrative hearing.  The presiding ALJ then determined that plaintiff González: 1)  last met the insured status requirements of the Social Security Act on December 31, 2008, that is, the date she is considered to be last insured; (2) did not engage in substantial activity since the date of alleged disability; and (3) through the date of last insured she suffered from severe impairments as major depressive disorder with anxiety and melancholia.  (Docket No. 8, Transcript p. 24).

The ALJ's consideration of the medical evidence of record refers that plaintiff González was treated from January 1, 2004 through December 31, 2008 for moderate major depressive disorder.  She underwent consultative psychiatric evaluations by Dr. Armando Caro and Dr. Alberto Rodríguez-Robles on March 20, 2006 and February 21, 2007.  (*Id.*).

The ALJ indicated plaintiff did not submit the progress notes of her treating physician Dr. José J. Zamora Alvarez, who seems to have provided reports dated September

Carmen L. González-Hernández  v. Commissioner of S.S.
Opinion and Order
Civil No. 11-1775 (CVR)
Page No. 4

30, 2005, May 30, 2006, April 18, 2007 and December 9, 2008.  The report refers to plaintiff González' condition as being major depressive disorder with anxiety and melancholia and with a Global Assessment of Functioning (GAG) of 41-45, with poor prognosis.[4]  (*Id.*, p. 25).

The ALJ considered the reports by Dr. Zamora, treating psychiatrist, indicated the patient provided adequate history of symptoms but also stated her memory, attention and concentration were poor.  Still, the ALJ mentioned there was no explanation for the basis of these conclusions.[5]  Thus, the absence of progress notes to substantiate Dr. Zamora's reports caused the ALJ to grant them less probative value, as well as because the reports rendered in 2005 and in 2009 were almost a replication of the former.  (*Id.*, p. 25, Exhibits 2F, 7F, 12F and 13F).

The ALJ referred to consultant psychiatrists who examined plaintiff González. Dr. Alberto Rodríguez Robles, described the patient as coherent, logical and well oriented in the three spheres.  Mental examination did not disclose flight of ideas, looseness of associations, hallucinations or delusions, nor suicidal or homicidal ideas.  Memory and judgment were considered adequate.  Dr. Armando J. Caro, on the other hand, assessed González disorder as major depression, moderate intensity, but not significantly impaired.

Dr. Carlos Vázquez, clinical psychologist, concluded the impairment, although severe, imposed only slight limitations in González' capacity to perform regular work.  She

---

[4]  Such GAF number range refers to  serious major impairments in family, social, occupational or school functioning pursuant to DSM-IV-TR published by the American Psychiatric Association.

[5]  The ALJ considered that the absence of progress notes from Dr. Zamora deprived him from analyzing the pattern of treatment and its effect on González' activities of daily living and capacity to perform work-related activities.

Carmen L. González-Hernández  v. Commissioner of S.S.
Opinion and Order
Civil No. 11-1775 (CVR)
Page No. 5

was considered able to carry out simple and detailed instructions,  sustain attention for two hours interval without undue interruptions,  perform task as per schedule and routine, interact with supervisors appropriately, and relate to others and complete a workday. (Docket No. 8, Transcript p. 26, Exhibit 6F).

The ALJ then concluded in his sequential evaluation process that  plaintiff González did not have an impairment that met the requirements of the Listing of Impairments and as of the date she was last insured and retained the residual functional capacity to perform a full range of work at all exertional levels, except for the non-exertional limitations of complex tasks, contact with the public and frequent contact with supervisors and co-workers. (*Id.*, p. 27).  The ALJ, considering the whole record, concluded plaintiff González had medical impairments which could reasonably be expected to cause the symptoms alleged but not to the extent claimed through date of last insured, December 31, 2008. There was sadness, tension and forgetfulness, which precluded complex work activities, but not of such frequency and intensity that prevented her from simple, unskilled work. Plaintiff took care of her personal needs and house chores and had adequate interpersonal relationships.  Thus, González was capable of performing her past relevant work as a small products assembler inasmuch as it did not require performance of work related activities beyond her residual functional capacity.  (*Id.*, p. 28).

**LEGAL ANALYSIS**

The Court's review in this Social Security appeals cases is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence.  *See* Manso-Pizarro v. Secretary of Health and Human Services, 76

F.3d 15, 16 (1ˢᵗ Cir. 1996). The ALJ's findings of fact, as these were adopted by the

Commissioner, are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g),

but are not conclusive when derived by ignoring evidence, misapplying the law, or judging

matters entrusted to experts. Nguyen v. Chater,  172 F.3d 31, 35 (1ˢᵗ Cir. 1999); Da Rosa v.

Secretary of Health and Human Services, 803 F.2d 24, 26 (1ˢᵗ Cir. 1986); Ortiz v. Secretary

of Health and Human Services, 955 F.2d 765, 769 (1ˢᵗ Cir. 1991).

To establish entitlement to disability benefits, the burden is on the claimant to prove

that she is disabled within the meaning of the Social Security Act.  *See* Bowen v. Yuckert,

482 U.S. 137, 146-47, n. 5 (1987).  It is well settled law that a claimant is disabled under the

Act if he/she is unable "to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than

12 months." 42 U.S.C. § 423(d)(1)(a).  A claimant is unable to engage in any substantial

gainful activity when the claimant is not only unable to do his/her previous work but,

considering age, education, and work experience, cannot engage in any other kind of

substantial gainful work which exists in the national economy, regardless of whether such

work exists in the immediate area in which he/she lives, or whether a specific job vacancy

exists, or whether he/she would be hired if he/she applied for work.   42 U.S.C.

§ 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence

in the record must be considered.  20 C.F.R. § 404.1520(a).  A five-step sequential

evaluation process must be applied to every case in making a final determination as to

whether a claimant is or not disabled. 20 C.F.R.  §§ 404.1520; *see* <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987); <u>Goodermote v. Sec. of Health & Human Servs.</u>, 690 F.2d 5, 6-7 (1st Cir. 1982).

Through step one the ALJ determines whether the claimant is engaged in "substantial gainful activity."  If he/she is, disability benefits are denied. §§ 404.1520(b). If not, the decision-maker proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. *See* §§ 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d);  20 C.F.R. pt. 404, subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from  performing the work he/she has performed in the past.  If the claimant is able to perform his/her previous work, he/she is not disabled.  §§ 404.1520(e).  If it is determined that the claimant cannot perform this work, then the fifth and final step of the process demands a determination on  whether claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience. The claimant would be

entitled to disability benefits only if he/she is not able to perform other work.   §§ 404.1520(f).  The ALJ in the instant case examined and analyzed plaintiff's case following the steps above described.

The claimant has the burden, under steps one through four, of proving that he/she cannot return to his/her former employment because of the alleged disability.  Santiago v. Secretary of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991).

In the present case, plaintiff González was found by the ALJ as able to perform her previous past relevant work as small products assembler  but the ALJ continued from the examination after said step four when further considering the testimony of a vocational expert, Camilo Gutiérrez, in regards to the requirements of plaintiff González previous work.  It was considered light level type of work, with no transferable skills.  Another job that plaintiff González previously did was as hand packer of materials for products, which was of medium level of exertion and unskilled, without transferable skills.  She also performed previous work as hardware vendor, which was semiskilled and light.  (Docket No. 8, Transcript p. 226).

The ALJ proposed to the vocational expert that, if an individual such as plaintiff González, who was capable of light level of exertion, was able to perform repetitive, simple work, without contact with the public and maximum amount of vocational contact with supervisors and fellow workers, could still perform the past work as assembler.  The vocational expert answered in the affirmative.  (*Id.*).

By determining the residual functional capacity for all kind of work activity, including the one previously performed by plaintiff González which was light and unskilled,

in addition to jobs that were simple and repetitive, with limited interaction with supervisors and other employees, through the testimony of a vocational expert, the ALJ concluded there were jobs available in the national economy within plaintiff's residual functional capacity. Finally, the ALJ opined plaintiff González was not considered to be under disability and the Appeals Council affirmed.

Counsel for plaintiff, Atty. Medina De-La-Cruz, argues the ALJ did not provide valid reasons to disregard the opinion of the treating physician, as well as in presenting the hypothetical questions to the vocational expert. Such alleged failure of the ALJ resulted in a lack of substantial support for the ALJ's determination. (Docket No. 14). In regards with the vocational expert, plaintiff's counsel submits the ALJ failed to present all of plaintiff's limitations which resulted from ignoring vital medical evidence. *See* Lyzotte v. Secretary of Health & Human Servs., 645 F.2d 31, 35 (1st Cir. 1981) (if a vocational expert's testimony is to have any probative value, the hypothetical question posed to the expert must contain all the relevant facts).

The Court of Appeals for the First Circuit has indicated an ALJ is "not required to recite every piece of evidence that favored appellant." *See* Stein v. Sullivan, 966 F.2d 317, 319 (7th Cir. 1992) (noting that the level of articulation required is not precise). *See* 20 C.F.R. § 404.1527(d) ("We will always give good reason in our notice of determination or decision for the weight we give your treating source's opinion); SSR 96-2p ("the notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be

sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

The Commissioner, through the ALJ, is authorized to give greater weight to testimony and reports of medical experts commissioned by the administrative agency than to testimony and reports of other medical experts in determining whether a claimant is disabled. Similarly, the ALJ is entitled to reject a treating physician's conclusions that a claimant is totally disabled and accept contradictory medical evidence in the record. Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988). That more weight is given to those reports of non-primary treating physician is not an error of the ALJ. *See* Barrientos v. Secretary of Health & Human Servs., 820 F.2d 1, 2-3 (1st Cir. 1987).

A review of the record shows the consultative psychiatrist Dr. Alberto Rodríguez Robles examined plaintiff González in 2006, and she was oriented in the three spheres, with fair insight and judgment. It refers to restricted affect and psychomotor retardation but thought process was slow but logical, coherent and relevant. Immediate, recent and remote memory were adequate. (Docket 8, Transcript p. 157). Likewise, state agency psychologist, Dr. Carlos Vázquez, upon a review of the record and its analysis, assessed plaintiff González was functional as to activities of daily living and was able to take care of herself, without assistance, perform household chores and handle monetary transactions. (*Id.*, p. 162). Dr. Vázquez concluded plaintiff González was able to learn and understand. She could also remember and carry out simple and detailed instructions, could sustain attention and concentration for at least two hours, could perform tasks on a schedule and at a sustained place, could interact with supervisors appropriately and relate to others. (*Id.*, p. 165). State

Carmen L. González-Hernández v. Commissioner of S.S.
Opinion and Order
Civil No. 11-1775 (CVR)
Page No. 11

agency psychologist, Dr. Luis Umpierre, adopted in 2007, Dr. Vázquez' 2006 opinion. (*Id.*,

p. 191). The ALJ residual functional capacity was consonant with the findings as supported

by state agency physicians, which is sufficient substantial evidence regardless of some

medical controversy as to plaintiff González' interaction with supervisors and co-workers.

Additionally, Dr. Caro also found plaintiff González was able to take care and manage

her own funds, had fair concentration and was impaired solely as to social interaction. (*Id.*,

p. 186). The above was in contradiction with the reports of Dr. Zamora, yet courts should

give deference to the ALJ's interpretation of the medical record and have noticed that,

although an ALJ is not at liberty to ignore medical evidence or substitute his own views for

uncontroverted medical opinion, upon the existence of conflicts in the medical record from

the report and sources, it is still not for the Court to resolve same. *See* Nguyen v. Chater,

172 F.3d 31 (1st Cir. 1999); Lizotte v. Secretary of Health & Human Servs., 654 F.2d 127 (1st

Cir. 1981) (the resolutions of conflicts in the evidence and the determination of the ultimate

question of disability is for him [the ALJ], not for the doctors or for the courts). *See also*

Rodríguez v. Secretary of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Therefore, the hypothetical questions proposed by the ALJ to the vocational expert

were based on the ALJ's determination as to credible evidence of record that incorporated

those impairments and associated limitations found by the ALJ to support the residual

functional capacity assessment for all kind of work activity. Under such hypothetical

question, the ALJ was entitled to rely on the testimony of the vocational expert as additional

substantial evidence to his finding that plaintiff González could perform her previous past

relevant work and was to be considered not disabled.

Carmen L. González-Hernández  v. Commissioner of S.S.
Opinion and Order
Civil No. 11-1775 (CVR)
Page No. 12

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria.  Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion".  Richardson v. Perales, 402 U.S. 389 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938).  The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[6]  The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. *See* Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001); Rodríguez, 647 F.2d at 222.

In view of the foregoing, this Magistrate Judge opines the decision of the Commissioner is supported by substantial evidence in the record as whole and thus should be AFFIRMED.

### CONCLUSION

For the reasons above discussed, this United States Magistrate Judge, having carefully perused the record and considered whether there was substantial evidence in support of the decision rendered by the Commissioner concludes the Commissioner's decision is supported by substantial evidence.  As such, the Commissioner's decision is AFFIRMED.

---

[6] Falu v. Secretary of Health & Human Servs., 703 F. 2d 24 (1st Cir. 1983).

Carmen L. González-Hernández  v. Commissioner of S.S.
Opinion and Order
Civil No. 11-1775 (CVR)
Page No. 13

Judgment to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 22nd day of October of 2012.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES MAGISTRATE JUDGE